# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Paul Hansmeier,

*Debtor.*

BKY No. 15-42460

---

Randall L. Seaver, Trustee,

*Plaintiff,*

v.

Padraigin Browne,

*Defendant.*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PREJUDGMENT ATTACHMENT**

ADV No. 16-4031

TO:   PLAINTIFF RANDALL L. SEAVER, TRUSTEE, BY HIS ATTORNEY, MATTHEW D. SWANSON OF FULLER, SEAVER, SWANSON & KELSCH, P.A., 12400 PORTLAND AVENUE SOUTH, SUITE 132, BURNSVILLE, MINNESOTA 55337.

Defendant Padraigin Browne ("Browne") respectfully files her Response to the Chapter 7 Trustee's Motion for Prejudgment Attachment and in support thereof states as follows.

## INTRODUCTION

In December 2015 Browne sold her home she co-owned with the debtor in this case Paul Hansmeier ("Debtor"). Browne did not receive any proceeds from that sale

when it closed. Rather, the proceeds were ordered to be held by the Chapter 7 Trustee.

Non-filing Browne is not a debtor in this case.

At great personal expense, Browne was forced to hire an attorney to compel the

Trustee to begin releasing her property. The Trustee has since initiated a flurry of

litigation, including a complaint for declaratory relief, a § 548 avoidance action, and the

instant motion for prejudgment attachment. All of the Trustee's lawsuits have

unnecessarily burdened Browne, the estate and the Court.

In his instant motion, the Trustee seeks an order of prejudgment attachment but the

Trustee's motion has no basis in law or fact. The Trustee's motion fails to establish the

necessary elements of prejudgment attachment and, most remarkably, seeks the

attachment of property, *i.e.* proceeds of the sale of a homestead, that is expressly

protected from prejudgment attachment under Minnesota law.

As a result, the Court is constrained to deny the Trustee's motion. Browne

respectfully requests that the Court order the Trustee to turn over all remaining funds in

his possession to Browne, as the requirements of Minnesota's prejudgment attachment

statute have not been met. Browne anticipates seeking an award of damages and

attorneys' fees arising from the Trustee's bad faith pursuit of preliminary attachment.

## LEGAL STANDARD

Prejudgment attachment is a state law remedy and is purely a statutory right. There

is no common law right to prejudgment attachment and there is no federal law which

authorizes prejudgment attachment generally. In federal proceedings, "state law is

incorporated to determine the availability of prejudgment remedies for the seizure of

person or property to secure the satisfaction of a judgment ultimately entered." *Granny Goose Foods, Inc. v. Bhd of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 n.10, 94 S. Ct. 1113, 1123 n.10 (1974) (citing Federal Rule of Civil Procedure 64). Rule 64 is incorporated into bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7064.

By definition, prejudgment attachment deprives an owner of property prior to full adjudication on the merits. For this reason, prejudgment attachment procedures cannot be considered without analysis of the constitutional right to due process. *See Connecticut v. Doehr*, 501 U.S. 1, 14 (1991) (applying the Federal Due Process clause to the Connecticut prejudgment attachment statute).

Under Minnesota law, before a plaintiff may obtain an order for prejudgment attachment, the plaintiff must establish two threshold elements. "An order for attachment may be issued only if the claimant has demonstrated the probability of success on the merits, and the claimant has demonstrated facts that show the existence of at least one of the grounds stated in section 570.02."  Minn. Stat. § 570.026, subd. 3. The grounds stated in section 570.02 are:

> (1) when the respondent has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the respondent's nonexempt property, with intent to delay or defraud the ***respondent's creditors***;
>
> (2) when the respondent has removed, or is about to remove, any of the respondent's nonexempt property from this state, with intent to delay or defraud the ***respondent's creditors***;
>
> (3) when the respondent has converted or is about to convert any of the respondent's nonexempt property into money or

credits, for the purpose of placing the property beyond the reach of the ***respondent's creditors***;

(4) when the ***respondent*** has committed an intentional fraud giving rise to the claim upon which the civil action is brought;

(5) when the respondent has committed any act or omission, for which the respondent has been convicted of a felony, giving rise to the claim upon which the civil action is brought; or

(6) when the respondent has violated the law of this state respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade, including but not limited to any of the statutes specifically enumerated in section 8.31, subdivision 1.

Minn. Stat. § 570.026, subd. 1 (emphasis added). If, and only if, the plaintiff establishes these two elements, the court is compelled to examine additional considerations that may nonetheless prohibit an order of attachment. *Id.* An order of attachment may not be issued if:

(1) the circumstances do not constitute a risk to collectibility of any judgment that may be entered; or

(2)(i) respondent has raised a defense to the merits of the claimant's claim or has raised a counterclaim in an amount equal to or greater than the claim and the defense or counterclaim is not frivolous; and

(ii) the interests of the respondent cannot be adequately protected by a bond filed by the claimant pursuant to section 570.041 if property is attached; and

(iii) the harm suffered by the respondent as a result of seizure would be greater than the harm which would be suffered by the claimant if property is not attached.

Minn. Stat. § 570.026, subd. 3.

Attachment may not issue with respect to a "homestead or the proceeds from the sale of a homestead." *Id.*, subd. 2.

## ARGUMENT

Neither of the threshold requirements of prejudgment attachment is met in this case. The Trustee does not have a likelihood of success on the merits in his § 548 avoidance action and he cannot establish one of the § 570.02 factors.

Further, as set forth below, the § 570.026 exceptions are applicable. First, the circumstances in this case simply do not constitute a risk to the collectability of any judgment that may be entered. Second: Browne has raised a defense to the merits of the Trustee's claim that is non-frivolous; Browne's interests cannot be adequately protected by a bond; and the harm suffered by Browne as a result of the attachment is greater than the harm which would be suffered by the Trustee if Browne's property is not attached.

Even if the threshold requirements of prejudgment attachment were met in this case, and even if none of the exceptions to prejudgment attachment applied, the Trustee's motion would nevertheless fail because it seeks attachment of property, *i.e.* proceeds from the sale of a homestead, that is expressly protected from prejudgment attachment under Minnesota law.

For all of these reasons, the Trustee has no right to prejudgment possession of the proceeds of the sale of Browne's homestead. The law constrains the Court to deny the Trustee's Motion and order all of funds in the Trustee's possession turned over to Browne.

I. **The Trustee Has Not Established A Likelihood Of Success On The Merits Of His § 548 Avoidance Action.**

The Trustee has not established a likelihood of success on the merits of his § 548 avoidance action. An applicant for prejudgment attachment must establish a likelihood of success on the merits. Because the Trustee has not done so, the Trustee's motion fails.

As is argued in Browne's pending motion to dismiss, the Trustee's § 548 action fails as a matter of law. Debtor Paul Hansmeier transferred his interest in the subject property to Monyet LLC well outside of the two-year reachback period established in § 548, and at a time when he had no financial problems. Thus, the Trustee's § 548 claim is barred by the two year limitations period. As a "workaround" for this deficiency, the Trustee asserts an alter ego claim and asks the Court to hold that transfers from Monyet LLC to Browne were transfers of the Debtor's interest in property. At least two courts have considered (and rejected) this proposed application of alter ego veil piercing.

In *In re Przybysz*, the United States Bankruptcy Court for the Western District of Michigan dismissed an avoidance action brought by a Chapter 7 trustee. *In re Pryzbysz*, No. 12-80175 (W.D. Mich., Nov. 29, 2012). The complaint alleged that an individual debtor was the alter ego of several related entities and sought to avoid transfers from those entities to two other individuals on the grounds that the debtor was the alter ego of those entities. *Id.* The issue before the court was whether the trustee could, "treat the [r]elated [e]ntities as the debtor for purposes of exercising the estate's power to avoid fraudulent transfers…." *Id.* The court rejected the trustee's proposed application of the alter ego doctrine as "not viable under state or federal law…." *Id.*

The *Przbysz* court reasoned that the trustee's proposed application of the alter ego doctrine would: require the court to redefine the term "debtor," as the term is used throughout the Bankruptcy Code: impermissibly expand federal bankruptcy jurisdiction over persons and properties pursuant to 28 U.S.C. § 1334; render numerous affiliate transactions voidable under 11 U.S.C. § 362; expand substantive rights under Chapter 5; and invite a host of other unintended and unpredictable consequences. *Id.*

The court further noted that the alter ego doctrine, "does not magically permit the court to substantively consolidate assets and liabilities." *Id.* Thus, according to the court, an alter ego finding could never give rise to the remedy of transfer avoidance. *Id.* While the court acknowledged that notions of fairness might support the trustee's request, it noted that it lacked a "roving commission to do equity or settle all scores," and cited authority requiring it to avoid the problems that may arise "when courts effectively rewrite the bankruptcy statutes in order to reach a result deemed, 'equitable.'" *Id.*

In *Grimmett v. McCloskey*, the Ninth Circuit Bankruptcy Appellate Panel reached a similar result. *Grimmett v. McCloskey (In re Wardle)*, No. S-01-1000, Adv. P. No. S-03-01467, 2006 WL 6811026 (B.A.P. 9th Cir. Jan. 31, 2006). There (as here), the trustee sought to avoid a transfer from a non-filing corporation to a non-filing individual. *Id.* The trustee alleged that the corporation was an alter ego of the debtors in the case, and that the transfers were thus transfers of the debtors' interests under § 548. *Id.* The BAP affirmed the bankruptcy court's dismissal of the trustee's avoidance action. *Id.* The BAP ruled that the trustee lacked standing to assert a § 548 avoidance claim on behalf of the non-debtor corporation, that an alter ego determination would not "somehow transmogrify" the

corporation's property into property of the debtor's estate, and that an alter ego finding is

merely a remedy that allows the assets of the alter ego to be used to satisfy a debtor's

debts. *Id.* Thus, just as with the court in *Przysbz*, the *Wardle* court held that alter ego veil

piercing had no application to § 548 avoidance. *Id.*

Browne's motion to dismiss cites two decisions that have directly rejected the

approach advocated by the Trustee here. The Trustee's motion paperwork cites zero

decisions that support his "alter ego" approach to transfer avoidance.

There are other reasons why the Trustee's proposed application of the alter ego

doctrine fails as a matter of law. For example, under the Eighth Circuit's decision in

*Ozark*, the Trustee lacks standing to assert an alter ego claim on behalf of the estate. *In re*

*Ozark Equip., Co., Inc.*, 816 F.2d 1222 (8th Cir. 1987). Further, as the Eighth Circuit also

held in *Ozark*, "an alter ego action … does not entail invalidating a transfer of interest,

but instead imputes the obligations of one party to another regardless of any 'transfers.'"

*Id.* at 1229. Thus, binding precedent blocks the Trustee's alter ego claim and prevents the

use of alter ego veil piercing in connection with an avoidance action. Also, the Court

cannot conclude that Delaware would permit a reverse corporate veil piercing claim of

the kind the Trustee has alleged. These arguments are, of course, more fully presented in

Browne's pending Motion to Dismiss.

The Trustee's memorandum of law does not address any of the issues referenced

above. It also does not present any argument that would suggest a likelihood of success

on the merits. First, the Trustee's veil piercing analysis is fatally flawed because it is

conducted under Minnesota law, instead of Delaware law. Delaware law applies to the

Trustee's veil piercing claims against Monyet LLC, as Monyet LLC was organized under the laws of Delaware. Minnesota applies the internal affairs doctrine. *See, e.g., Rupp v. Thompson*, No. C5-03-347, 2004 WL 3563775, at *3 (D. Minn. Mar. 17, 2004). Unlike Minnesota, Delaware has an exceptionally strong policy of respecting the corporate form. *Alliance Data Sys. Corp. v. Blackstone Capital Partners V.L.P.*, 963 A.2d 746, 769 (Del. Ch.), aff'd without op., 976 A.2d 170 (Del. 2009); *see also Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 371 (3d Cir. 2007) (calling this "a bedrock principle of corporate law in Delaware"); *Case Fin.*, 2009 WL 2581873, at *4 (declaring that "Delaware courts take the corporate form and corporate formalities very seriously").

As is set forth in Browne's motion to dismiss, Delaware law has not recognized the form of veil piercing requested by the Trustee in this case. The Trustee's memorandum does not cite any examples of bankruptcy courts applying the alter ego doctrine in the manner proposed by the Trustee, explain how an alter ego finding could give rise to transfer avoidance, or address the threshold issues of standing and jurisdiction raised by the courts in *Ozark* and *Wardle*. In short, the Trustee's § 548 complaint is based on a misapplication of the alter ego doctrine and fails as a matter of law. Because the Trustee has failed to establish a likelihood of success on the merits his motion must be denied.

**II.**   **The Trustee Has Not Established A § 570.02 Factor.**

The Trustee has not established a single § 570.02 factor. An applicant for prejudgment attachment must establish one of the factors set forth in § 570.02. Because the Trustee has failed to do so, his motion must be denied.

The Trustee attempts to establish one of the following three § 570.02 factors:

> (1) when the ***respondent*** has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the ***respondent's*** nonexempt property, with intent to delay or defraud the ***respondent's creditors***;

> (2) when the ***respondent*** has removed, or is about to remove, any of the respondent's nonexempt property from this state, with intent to delay or defraud the ***respondent's creditors***;

> \*\*\*

> (4) when the ***respondent*** has committed an intentional fraud giving rise to the claim upon which the civil action is brought;

> \*\*\*

Minn. Stat. § 570.02 Subd. 1(1), (2) and (4) (emphasis added)

The Trustee's memorandum and accompanying affidavit fail to allege or establish that **Browne**—to be contrasted with ***debtor***—engaged in any of the activities described in any of these factors. The fundamental problem with the Trustee's showing is that it focuses exclusively on the debtor's activities, as if the debtor and Browne were one and the same for the purpose of § 570.02. But debtor and Browne have separate legal existences. As a result, the Trustee fails to make the necessary showings with respect to § 570.02 factors (1), (2) and (4).

**A.**    <u>**Browne And Debtor Have Separate Legal Existences.**</u>

Under Minnesota law, women maintain a separate legal existence from their husbands. *See* Minn. Stat. § 519.01. Every married woman is bound by her contracts and responsible for her torts, and her property shall be liable for her debts and torts to the same extent as if unmarried. *See* Minn. Stat. § 519.03. A spouse is not liable to a creditor for any debts of the other spouse. *See* Minn. Stat. § 519.05.

**B.**    <u>**The Trustee Has Not Established § 570.02 Factors (1) Or (2).**</u>

The Trustee Has Not Established § 570.02 Factors (1) or (2). Section 570.02 factors (1) and (2) require a showing that the respondent took actions with an intent to "delay or defraud respondent's creditors." A respondent is "a party against whom an order of attachment is requested." Minn. Stat. § 570.011, subd. 3. In this case, the respondent is Browne. Thus, in order to establish factors (1) or (2), the Trustee must make a specific factual showing linking Browne's actions with an intent to delay or defraud *Browne's* creditors.

The Trustee's showing with respect to § 570.02 factors (1) and (2) contains no factual allegation that Browne took any prejudicial actions towards *her* creditors. Rather, the Trustee's showing is focused on the impact of Browne's actions on *debtor's* creditors. Every one of the Trustee's allegations relates exclusively to *debtor's* creditors and the estate, even though Browne is not liable on debtor's obligations and even though Browne is a non-filing spouse. The Trustee's argument with respect to factors (1) and (2) can be summarized in the Trustee's own words: "The Defendant's actions … establish that the Defendant has exhibited a pattern of deception and fraud in an attempt to evade ***the***

*debtor's creditors and bankruptcy estate*." (emphasis added). Thus, the Trustee is attempting to use debtor's actions in order to justify prejudgment attachment against Browne.

The plain language of Section 570.02 factors (1) and (2) makes clear that the Trustee's approach must fail. Browne is the respondent to the Trustee's motion, not debtor. The Trustee cannot satisfy factors (1) or (2) by attacking debtor's actions. Rather, the plain language of Minnesota law requires the Trustee to link Browne's actions with prejudice to her creditors. The Trustee's motion papers contain no identification of any one of *Browne's* creditors, much less an identification of a single instance where Browne took an action that prejudiced one of *her* creditors. The Trustee's showing is insufficient as a matter of law. *See, e.g., Morrison v. Doyle*, 570 N.W.2d 692, 698 (Minn. Ct. App. 1997) ("The Morrisons, however, are creditors only with respect to Doyle. Because Minn. Stat. § 570.02, subd. 1(1), allows for attachment only of the assets of a respondent who is attempting to evade a creditor, there is a basis for attachment only with respect to Doyle.").

While Browne strongly disputes the factual allegations in the Trustee's motion paperwork, and in particular the Trustee's gross mischaracterizations of her testimony, it is ultimately unnecessary for Browne to engage in a costly and exhaustive response to the Trustee's litany of misrepresentations. The Trustee has failed to allege any facts that are relevant to the governing legal standard. There is no basis for attachment with respect to Browne under § 570.02 factors (1) and (2) because the Trustee has made no allegations

concerning *Browne's* actions towards *Browne's* creditors, to be contrasted with those of *Debtor*. *Morrison*, 570 N.W.2d at 698.

### C.     The Trustee Has Not Established § 570.02 Factor (4).

The Trustee has not established § 570.02 factor (4). Section 570.02 factor (4) requires the Trustee to demonstrate that the respondent has, "committed an intentional fraud giving rise to the claim upon which the civil action is brought." In this case, the respondent is Browne. Thus, in order to establish factor (4), the Trustee will have to establish that Browne committed an intentional fraud giving rise to the Trustee's § 548 claim.

The Trustee's brief concedes that Browne did not commit an intentional fraud giving rise to his § 548 claim. *See* Memorandum, at 12 ("The Plaintiff seeks recovery of $245,000, which constitutes funds that the ***Debtor*** transferred….") (emphasis added).[1] Thus, the express basis of the Trustee's § 548 claim is the Trustee's allegation that ***debtor*** made a transfer with the actual intent to defraud his creditors. Section 548 is specific to the conduct of a debtor. It provides that the trustee may avoid certain transfers where "the ***debtor*** … made such transfer … with actual intent to hinder, delay, or ***defraud*** any entity ***to which the debtor was … indebted***." 11 U.S.C. § 548 (emphasis added). Browne is not a debtor. She is not alleged to have taken any action with actual intent to hinder, delay, or

---

[1] Indeed, an assertion that Browne was responsible for the fraudulent transfer would be fatal to the Trustee's case. The Trustee has no standing to avoid a transfer between two third parties, nor would the Trustee be able to show the requisite control over Monyet to sustain an alter ego finding if Browne, and not debtor, was responsible for the transfer to be avoided.

defraud any entity to which she was indebted. Thus, it is not Browne who is alleged to have committed an intentional fraud, but debtor. Once again, the Trustee is improperly conflating debtor and Browne.

Again, while Browne strongly disputes the factual allegations in the Trustee's motion paperwork, and in particular the Trustee's gross mischaracterizations of her testimony, it is ultimately unnecessary for her to engage in a costly and exhaustive response to the Trustee's factual misrepresentations. The Trustee has failed to allege any facts that are relevant to the governing legal standard. There is no basis for attachment with respect to Browne under § 570.02 factor (4) because the Trustee has made no allegations concerning ***Browne's*** actions, to be contrasted with ***debtor's***.

### D.     Because The Trustee Has Failed To Establish A § 570.02 Factor The Trustee's Prejudgment Attachment Motion Fails.

The Trustee has not established a § 570.02 factor. An applicant for prejudgment attachment must establish one of the factors set forth in § 570.02. Because the Trustee has failed to do so, his motion must be denied.

## III.     The § 570.026 Exceptions Apply.

Even if the Trustee satisfied the two threshold requirements for his motion—and he has not—his motion nevertheless fails because the § 570.026 exceptions apply. When one of the § 570.026 exceptions applies, a motion for prejudgment attachment cannot be granted. First, the circumstances do not constitute a risk to collectability of any judgment that may be entered. Second, Browne has raised a non-frivolous defense on the merits and the balance of equities weighs in her favor.

### A.   The Circumstances Do Not Constitute A Risk To Collectability Of Any Judgment That May Be Entered.

If Browne can demonstrate that the circumstances do not constitute a risk to collectability of any judgment that may be entered, then the Trustee's motion must be denied. Minn. Stat. § 570.026, subd. 3. Browne has lived in Minnesota for the past ten years. *See* Declaration of Padraigin Browne, May 5, 2016. She is a practicing attorney who is licensed to practice law in this state, but not in any other state. *Id.* She recently signed an agreement to purchase a home in Minnesota. *Id.* Her family, including her two young children, lives in Minnesota. *Id.* She has no major creditors and she has no plans whatsoever to move to another state. *Id.* In the highly unlikely event that the Trustee obtains a judgment in this case: Browne will be in Minnesota; she will have property in Minnesota that the Trustee can attach; and she will have wages that the Trustee can garnish. The circumstances present zero risk of collectability of any judgment that may be entered.

### B.   Browne Has Raised A Non-Frivolous Defense On The Merits And The Balance Of Equities Weigh In Her Favor.

If Browne raises a non-frivolous defense on the merits and if the balance of equities weigh in her favor then the Court has no discretion but to deny the Trustee's motion. Minn. Stat. § 570.026, subd. 3. Browne's motion to dismiss raises a non-frivolous defense. (Docket No. 15). The Trustee's theory of recovery is that debtor is Monyet's alter ego because Browne decided to help debtor during a difficult period of time. Browne's motion to dismiss notes nearly a half-dozen reasons, supported by case law, for why the Trustee's theory of recovery is frivolous, or at least wrong.

As for the balance of equities, the critical point is that Browne has one year from the sale of her homestead in December 2015 to reinvest her proceeds in a new house. Minnesota law provides that homestead proceeds retain their exempt status for one year. The most probable explanation for why the Trustee has engaged in such significant delay is that he is attempting to "run out the clock" on Browne. After the passage of one year, the Trustee will be able to invade the exemption. Thus, it is in his interest to pursue tenuous causes of action so long as they add to the delay.

## IV.    **The Trustee Seeks To Attach Assets That Are Exempt From Attachment.**

Even if the threshold requirements of prejudgment attachment were met in this case, and even if none of the exceptions to prejudgment attachment applied, the Trustee's motion would nevertheless fail because it seeks attachment of property, *i.e.* proceeds from the sale of a homestead, that is expressly protected from prejudgment attachment under Minnesota law.

In December 2015 Browne sold her home. Browne did not receive any proceeds from the sale at closing. Rather, the proceeds were ordered to be held by the Chapter 7 Trustee. The Trustee received $435,906.21 as a result of the Court's order. The Trustee proceeded to sit on the funds until, at great personal expense, Browne was forced to hire an attorney to address the Trustee's significant delay. Shortly thereafter, the Trustee voluntarily turned over $293,797.26 in funds. Thus, the Trustee remains in possession of $142,108.95 of Browne's funds.

Minnesota's homestead exemption is $390,000. Minnesota law specifically prohibits prejudgment attachment of the homestead or proceeds from the sale of a

homestead. Thus, under no circumstance has the Trustee *ever* been lawfully entitled to possess the exempt proceeds from the sale of Browne's homestead. Minnesota law contains no exception to this rule. The Court is constrained to order the Trustee to *immediately* turn over the remaining difference between the $390,000 homestead exemption and $293,797.26 in the Trustee's possession, *i.e.* $96,202.74. The Trustee's possession of these funds has been *ultra vires* from the outset.

**V.    All Remaining Funds In The Trustee's Possession Must Be Turned Over To Browne.**

The circumstances giving rise to the Court's order that the Chapter 7 Trustee hold the proceeds from the sale of the homestead amount to a preliminary attachment order which arguably violated Browne's rights under Minnesota law and Browne's constitutional right to due process. The Trustee's current possession of Browne's funds is thus patently unlawful. Since the Trustee has failed to satisfy the requirements of Minnesota's prejudgment attachment statute, he has no authority to possess *any* of the funds currently in his possession. All of the remaining funds in his possession must be turned over to Browne, immediately.

**A.    The Circumstances Giving Rise To The Preliminary Attachment Order Violated Browne's Rights Under Minnesota Law.**

Minnesota law authorizes a court to issue what is referred to as a preliminary attachment order. *See* Minn. Stat. § 570.025. A preliminary attachment order is an order authorizing a plaintiff to attach defendant's property without notice to the defendant or an opportunity for the defendant to be heard. Given the obvious potential for abuse of this remedy, Minnesota law sets forth exhaustive and mandatory procedures for preliminary

attachment requests. An applicant's failure to follow these mandatory procedures exposes the applicant to paying the respondent's damages and attorneys' fees arising from an unlawful attachment order.

Under Minn. Stat. § 570.025, an applicant for a preliminary attachment order must set forth (1) the basis and amount of the claim in the civil action, (2) the facts which constitute the grounds for attachment as specified in Minn. Stat. § 570.02 and (3) a good faith estimate of any harm that would be suffered by the respondent. However, a preliminary attachment order may be issued only if the following conditions are also met: (1) the claimant has made a good faith effort to inform the respondent of its application for attachment; (2) the claimant has demonstrated the probability of success on the merits; (3) the claimant has demonstrated the existence of one or more grounds specified in Minn. Stat. § 570.02; and (4) due to extraordinary circumstances, the claimant's interests cannot be protected pending a hearing by an appropriate order of the court, other than by directing a prehearing seizure of property. Minn. Stat. § 570.025, Subd. 2. The statute sets forth several other protections, including a specification of the contents of a preliminary attachment order, the mandatory scheduling of a subsequent hearing at the earliest available opportunity, an award of damages and attorney's fees for bad faith applications, and personal service of all of the pleadings leading up to the preliminary attachment order.

Literally *none* of the requirements for preliminary attachment were satisfied in this case. No one apprised the Court of the requirements for preliminary attachment. Rather than list all of the mandatory procedures that were not observed, Browne would simply

direct the Court to the requirements set forth in Minn. Stat. § 570.025, Subd. 2 and her

request for the funds to be returned.

**B.     The Circumstances Giving Rise To The Preliminary Attachment Order Violated Browne's Constitutional Right To Due Process.**

There is no independent federal basis for prejudgment attachment. Even if there

was, the procedures giving rise to the attachment in this case violated Browne's

constitutional right to due process. In *Connecticut v. Doehr*, 501 U.S. 1 (1991), the

Supreme Court held that a Connecticut statute that "authorizes prejudgment attachment

of real estate without prior notice or hearing, without a showing of extraordinary

circumstances, and without the requirement that the person seeking the attachment post a

bond" violated the due process clause of the Fourteenth Amendment. *Id.* at 4. In this case,

Browne was not provided prior notice or hearing, there was no showing of extraordinary

circumstances, and there was no damages bond posted. The procedures in this case

violated Browne's constitutional right to due process. *Id.*

**C.     The Remaining Funds Must Be Returned To Browne.**

The Trustee has failed to meet his burden of establishing the propriety of

prejudgment attachment. The original attachment order which resulted in the Trustee's

current possession of Browne's property plainly violated Browne's rights under

Minnesota law and the constitution. The Trustee's possession of Browne's property is

patently unlawful. The Court should order the Trustee to turn over the funds to Browne

immediately.

## CONCLUSION

The Court should deny the Trustee's motion and order all remaining property in

the Trustee's possession turned over to Browne, immediately with interest.


**DAVE BURNS LAW OFFICE, LLC**


Dated: May 5, 2016                    By: /e/ David M. Burns
                                      David M. Burns #337869
                                      475 Grain Exchange North
                                      301 Fourth Avenue South
                                      Minneapolis, MN 55415
                                      (612) 677-8351
                                      dave@daveburnslaw.com

                                      *Attorney for Padraigin Browne*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>     *Debtor.* | BKY No. 15-42460 |
| Randall L. Seaver, Trustee,<br><br>     *Plaintiff,*<br><br>v.<br><br>Padraigin Browne,<br><br>     *Defendant.* | ADV No. 16-4031 |

## DECLARATION OF PADRAIGIN BROWNE

1.  I submit this Declaration in support of Padraigin Browne's Opposition to the Chapter 7 Trustee's Motion for Prejudgment Attachment.

2.  I have lived in Minnesota for the past ten years.

3.  I am a practicing attorney and I am licensed to practice law in this state, but not in any other state.

4.  I recently signed an agreement to purchase a home in Minnesota.

5.  My family, including my two young children, lives in Minnesota.

6.  I have no plans whatsoever to move to another state.

This Declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2016

Padraigin Browne

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Paul Hansmeier,

*Debtor.*

BKY No. 15-42460

---

Randall L. Seaver, Trustee,

*Plaintiff,*

v.

Padraigin Browne,

*Defendant.*

ADV No. 16-4031

## UNSWORN CERTIFICATE OF SERVICE

I, David M. Burns, declare under penalty of perjury, that on May 5, 2016, I filed:

1.    Defendant Padraigin Browne's Response to Plaintiff's Motion for Prejudgment Attachment; and
2.    Declaration of Padraigin Browne.

with the Clerk of Bankruptcy Court through ECF and that ECF will send an e-notice of electronic filing to all filing users of this case via the court's CM/ECF server.

I further declare that I caused copy of the foregoing documents to be mailed by first class mail to the entities and individuals listed below:

Paul Hansmeier
3749 Sunbury Cove
Woodbury, MN 55125

Executed on: May 5, 2016              Signed:/e/ David M. Burns
                                      David M. Burns, #337869

Dave Burns Law Office, LLC
475 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 677-8351
dave@daveburnslaw.com

*Attorney for Padraigin Browne*